(No. 31784.—

THE PEOPLE *ex rel.* Southfield Apartment Co. *et al.*, Petitioners, *vs.* EDMUND K. JARECKI, Judge, presiding.

*Opinion filed January 18, 1951.*

ORIGINAL PETITION for *mandamus*.

ALBERT E. JENNER, JR., and EDWARD I. ROTHSCHILD, (POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of counsel,) all of Chicago, for relators.

JOHN S. BOYLE, State's Attorney, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (GORDON B. NASH, JOSEPH B. FLEMING, EDWARD C. CALDWELL, JOSEPH H. O'CONNOR, and PETER G. KUH, of counsel,) all of Chicago, for respondent.

Mr. JUSTICE THOMPSON delivered the opinion of the court.

Relators, petitioners here, are owners of real estate in Chicago, against which taxes for the year 1946 were levied by the various taxing bodies in Cook County. Relators paid these taxes under protest and filed written objections thereto pursuant to section 235 *et seq.* of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 716,) upon the county collector's application for judgment and order of sale. On hearing, judgment was entered sustaining objections to levy items of the county of Cook, Forest Preserve District of Cook County, city of Chicago and Board of Education of the city of Chicago, and overruled objections to tax levy items of Cook County bond and interest fund, Cook County highway fund, Sanitary District of Chicago corporate fund, and Board of Education of the city of Chicago educational fund. This judgment was entered on March 28, 1950. On April 10, 1950, the collector filed notice of appeal from so much of the judgment as sustained objections to 1946 taxes of the county of Cook and the Forest Preserve District of Cook County. Relators filed no cross appeal but on April 25, 1950, moved to vacate the judgment of March 28, 1950. Respondent, Jarecki, refused to consider this motion on the ground that the county

court had lost jurisdiction of the case upon perfection of the collector's appeal on April 10, 1950.

On April 26, 1950, relators filed notice of appeal from the judgment of March 28, 1950, and from the order of the county court refusing to consider their motion to vacate. This appeal is separate .from and does not purport to be a cross appeal from the appeal of the county collector. The two appeals are from different separate items of the judgment of March 28, 1950. On June 5, 1950, relators presented to the respondent judge for certification and filing a report of proceedings had in the cause before respondent. Respondent refused to certify or examine the report of proceedings on the ground that he was without jurisdiction to consider its sufficiency or to certify it, and that the relators should have perfected a cross appeal under Rule 35 of this court. Motion for leave to file a petition for writ of *mandamus* was then filed in this court. The petition alleges the facts as set out above and prays that respondent be required to answer and show cause why *mandamus* should not issue commanding respondent to entertain jurisdiction and settle and certify the report of proceedings. Respondent's answer admits the facts as alleged, but denies the relators' right to the writ sought.

The controlling question here is whether, on appeal by the collector from some but not all the items in a judgment rendered in a tax objection proceeding under section 235 of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 716,) the objector, seeking to appeal from other and separate items in such a judgment, must proceed by cross appeal under Rule 35 of this court or must prosecute a separate appeal.

Relators contend that appeals from judgments in tax proceedings are governed by section 237 of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 718,) and not by the Civil Practice Act or the rules adopted by this court pursuant thereto; that the Revenue Act provides for appeal

by notice of appeal only, and cross appeal is not available to bring to the court items of the tax judgment not involved in the collector's appeal. They further contend that the only means by which relators may have review of the items of the judgment adjudged adversely to them is by separate notice of appeal; that in the court below they complied with the provisions of the Revenue Act by filing their separate notice of appeal within thirty days from the rendition of the judgment, and that they presented their report of proceedings in apt time. It is therefore urged that they have a clear legal right to have respondent settle and certify the report of proceedings so that their separate appeal may be completed.

Relators urge that, under section 235 of the Revenue Act, tax judgments are specifically made several "against each tract or lot or part of a tract or lot, for each kind of tax or special assessment included therein; * * *" They argue that the appeal of the collector was from items of the tax judgment in which relators' objections were sustained, whereas relators seek to appeal from items of the judgment wherein their objections were overruled; that these items are distinct and separate judgments from any of which separate appeals may be perfected.

Relators rely on a line of cases, the first of which is *People ex rel. Abt* v. *Vogt,* 262 Ill. 170. In that case an appeal was taken by the collector from one item of a tax judgment. The objector in that case assigned cross errors as to items other than that on which the appeal was taken. It was held that such cross errors were improperly brought for the reason that the various items of the judgment were separate and distinct. By analogy to the rule that where one party to a decree appeals only from a portion of a decree, the other matters contained in the decree are not before the court, the court held that appellee, by cross errors, could not review other independent items of the tax judgment, but must appeal from those items.

In *People ex rel. Stuckart* v. *Insurance Exchange Building,* 288 Ill. 486, this court reaffirmed the holding in the *Vogt case.* To the same effect is *People ex rel. Stuckart* v. *Chicago and Alton Railway Co.* 289 Ill. 282.

Chief reliance is placed in *People ex rel. Hudson* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180. There the objector appealed from one item of the tax judgment and the collector filed notice of cross appeal, under Rule 35 of this court and the Civil Practice Act, as to other items not raised on the primary appeal. The question was raised whether the items not included on the primary appeal could be presented by cross appeal. In discussing the question whether the Civil Practice Act and rules of this court governed, the court considered section 74 of the Civil Practice Act, which, so far as pertinent, provided that review in civil proceedings shall be by notice of appeal. It then referred to section 1, which provides that the Civil Practice Act shall apply to all civil proceedings unless such application is expressly limited, and to subsection 2 of section 31 of the same act which provides, among other things, that in actions in which the procedure is regulated by special statute, such special statute shall govern. The court then pointed out that section 192 of the Revenue Act, in force at that time, (now section 237, Ill. Rev. Stat. 1949, chap. 120, par. 718,) provided for appeals to the Supreme Court within thirty days after rendition of the judgment on the party praying the appeal executing a bond, and further providing that no appeal shall be allowed, nor any writ of error operate as a *supersedeas,* unless the party praying the appeal deposits with the collector an amount equal to the amount of the judgment and costs. Other provisions of the Revenue Act providing for penalties and credit to be given by the collector in the amount of the deposit were pointed out and this court then held that the Civil Practice Act did not apply and, the items of the tax judgment being separate and distinct judg-

ments as to each item, matters not included in the primary appeal could not be brought here by cross appeal and that a separate appeal was required. This holding is quoted from in the later case of *People ex rel. Pickerill* v. *New York Central Railroad Co.* 391 Ill. 377, although in that case the question involved here was not involved.

Respondent points out that in 1935, shortly after the decision in *People ex rel. Hudson* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180, discussed above, section 192 of the Revenue Act then in effect (Ill. Rev. Stat. 1935, chap. 120, par. 210,) was amended to read "Appeals from the judgment of the court may be taken to the Supreme Court as in other civil cases by the party appealing, filing a notice of appeal within thirty days from the rendition of such judgment." The right thus given remained conditioned upon the deposit with the collector of an amount equal to the amount of the judgment and costs. It appears this court has not had occasion to construe the meaning of the words "as in other civil cases," as used in this section as amended. The Revenue Act of 1939 re-enacted the section in which the above quotation appears as section 237. Respondent contends that this section, as thus amended, makes the provisions of the Civil Practice Act, and of Rule 35 of this court, applicable to appeals from tax objection proceedings.

This contention presents the question whether, under this provision of the statute, an appellee seeking review of items not involved in the primary appeal must present them by cross appeal filed within ten days after service of notice of appeal as prescribed in Rule 35 of this court.

The provisions of section 1.22 of the act on construction of statutes, (Ill. Rev. Stat. 1949, chap. 131, par. 1.22,) affords some help where the phrase "other civil cases" is defined as follows, " 'Other civil cases' and 'ordinary civil cases' or any equivalent expression, when used with reference to practice, procedure, or appeal, shall be deemed to

refer to cases under the Civil Practice Act, and all existing and future amendments thereto and modifications thereof, and all rules now or hereafter adopted pursuant thereto." This definition, taken with the provisions of section 1 and subsection 2 of section 31 of the Civil Practice Act, as affected by Rule 2 of this court, clearly points to the conclusion that where a special statute provides, as in the case of the Revenue Act, that procedure shall be "as in other civil cases," the Civil Practice Act governs except in so far as the special statute provides otherwise. There is no dispute that "notice of appeal," as it is used in section 237 of the Revenue Act, means the notice of appeal described in section 74 of the Civil Practice Act (Ill. Rev. Stat. 1949, chap. 110, par. 198,) and in Rule 33 of this court. Nor is it disputed that the procedure upon such notice of appeal is governed by the Civil Practice Act and rules of this court, subject to the conditions upon the right imposed by the Revenue Act. The strenuous contention that the Civil Practice Act does not apply to proceedings on appeal from tax objection proceedings is therefore really a contention as to whether the various items in a tax judgment may be presented only by appeal and not by cross appeal.

In *People ex rel. Pickerill* v. *New York Central Railroad Co.* 391 Ill. 377, the question was raised whether an appellant could present more than one item in a tax judgment in a single appeal or whether each item must be presented by a separate appeal. In effect, that decision holds that more than one judgment entered in a single tax proceeding may be reviewed upon a single notice of appeal. The question presented by the instant case is whether, upon an appeal by one party from less than all the items in a tax judgment, the opposing party must present any other items, on which review is desired, by way of cross appeal under Rule 35 of this court. The Revenue Act is silent on this question and no case cited or found passes upon it.

Section 237 of the Revenue Act provides for appeal to this court "as in other civil cases" by notice of appeal filed in apt time. If the wording of this section provided for appeal "by notice of appeal as in other civil cases," the meaning would be more nearly what relators contend. The statute first says that appeal shall be taken "as in other civil cases," and then designates notice of appeal as the vehicle to be used. If it had said that appeal shall be taken "by notice of appeal," and then described such notice of appeal as being that prescribed in other civil cases, a different meaning would derive from the words. As the statute is worded, the words "notice of appeal" are descriptive and explanatory of the preceding phrase "as in other civil cases." Appeals are thus directed to be taken, not by "notice of appeal," but "as in other civil cases," with the further explanation that notice of appeal is the means by which such appeal is to be effected. Does this use of the words "notice of appeal" exclude cross appeal as a method of obtaining review of the separate items of the tax judgment? It seems settled that each item of a tax judgment is a separate judgment in itself, yet more than one such item may be included in a single appeal. (*People ex rel. Pickerill* v. *New York Central Railroad Co.* 391 Ill. 377.) In that case this court said, "Rules of procedure are not ends in themselves; they are designed to secure orderly and fair methods of disposing of litigated matters." In applying that concept to the situation in the instant case it is hard to see how presentation of controverted items of a tax judgment by way of cross appeal would violate the purpose of the applicable rules of procedure in these matters. In the *Pickerill case* this court inferred that cross appeal was proper to raise items not raised on the primary appeal. The court referred to the *Hudson case,* 360 Ill. 180, chiefly relied on by relators here, and other cases dealing with the question whether separate appeals were

required on the various items of tax judgments, and said, "We have examined the cases cited on this point and conclude that the holdings in them are concerned with the question of what can be considered by an appellate court on an assignment of cross errors and the necessity for a cross appeal where the appellee desires to bring before the reviewing court matters not involved in the main appeal."

In *People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520, this court accepted and decided issues raised by cross appeal on items of a tax judgment not involved on the primary appeal. In the *Vogt case, 262* Ill. 170, from which the line of decisions relied on by relators stems, the basis for the holding was an analogy drawn from the rule that on an appeal from only a part of a decree, cross errors could not be assigned attacking separate and independent parts of the decree not involved on the appeal. This case cannot be decisive in the present state of the law as affected by the 1935 amendment of the Revenue Act and by the provisions of the Civil Practice Act as it now stands.

The applicable section of the Revenue Act (Ill. Rev. Stat. 1949, chap. 120, par. 718,) provides for appeals to this court "as in other civil cases." Section 1.22 of the act on construction of statutes (Ill. Rev. Stat. 1949, chap. 131, par. 1.22,) defines that phrase as meaning that the procedure to be followed in applying that phrase is that prescribed by the Civil Practice Act and rules of court adopted pursuant thereto. The Civil Practice Act, by section 1 and subsection 2 of section 31, and Rule 2 of this court make the special provisions of the Revenue Act in regard to procedure applicable in the first instance. The only conclusion to be reached from the state of the law seems to be that where the Revenue Act is silent, as it is in regard to cross appeals, the Civil Practice Act and rules of court apply.

The proceedings in the instant case in the trial court were single, and the tax judgment entered upon the various

items arose out of a single proceeding. No reason appears why all items of that judgment cannot be fairly presented to this court for review in one case. Relators here contend that if they are required to present their contentions by cross appeal, then they are denied the right and duty to appeal within thirty days from the rendition of the judgment as prescribed for appeals from such judgments by section 237 of the Revenue Act; that Rule 35 requires that cross appeals be perfected within ten days after service of notice of appeal, and that therefore if the notice of appeal is served less than twenty days after the judgment is rendered, they are forced to perfect a cross appeal before expiration of thirty days and, conversely, if notice of appeal is served more than twenty days after the judgment, then they are granted more than thirty days for perfecting cross appeal. The same might be said of any proceeding under the Civil Practice Act. The appellee in any proceeding under the Civil Practice Act is governed by Rule 35 and the time limitations set upon perfection of cross appeal is made to depend on the date the main appeal is perfected. There is no merit to this, since the requirement in regard to cross appeals works no injustice and does not prevent a fair and orderly hearing upon the issues presented by the parties.

The relators contend that even if Rule 35 of this court applies to tax cases, still each item is a separate and distinct judgment and therefore the rule applies to them, separately. Section 235 of the Revenue Act makes tax judgments severable, but the fact that a judgment is severable does not affect its quality as a single judgment for purposes of appeal. In the *Pickerill case,* 391 Ill. 377, it was held that more than one item of a tax judgment could be presented on a single notice of appeal.

It thus appears that the procedure on appeal from tax objection proceedings, except for such conditions as are expressly imposed by the Revenue Act, is governed by the

Civil Practice Act and the rules of this court, including Rule 35, and that, therefore, the relators should have presented such items as were adjudged adversely to them by cross appeal, and having failed to do so, are not entitled to a writ of *mandamus* on this petition.

We have examined the other points of relators, but they are not controlling. The record here does not disclose a clear right to proceed by separate appeal, and does not impose a clear legal duty on respondent to certify the purported report of proceedings, and therefore the writ of *mandamus* is denied.                        *Writ denied.*