Lola Hailey et al., Plaintiffs-Appellants-Cross-Appel-
lees, v. County Board of School Trustees of Taze-
well County, et al., Defendants-Appellees-Cross-
Appellants.

**Gen. No. 10,190.**

Third District.

April 2, 1959.

Released for publication April 18, 1959.

Kenneth H. Lemmer and Richard W. Velde, of Havana, for plaintiffs-appellants.

Harold H. Kuhfuss, of Pekin, and Charles B. Ullrick, of Peoria, for appellees.

JUDGE REYNOLDS delivered the opinion of the court.

This is an administrative review case, arising out of the action of the County Board of School Trustees of Tazewell County, Illinois, in setting aside the detachment of certain territory from School District No. 606 and attachment of this territory to School District No. 124. The detachment was made in 1953, and the order setting aside this detachment was made by the County Board of School Trustees in 1957.

School District No. 606 and the portion detached in 1953 is to the north of and adjacent to School District

No. 124. School District No. 606 maintains grades from one to eight, inclusive, and School District No. 124 maintains grades from one to twelve, inclusive.

The territory involved in this cause, contained the only school house in District No. 606. In 1953 a petition for the detachment of this part of District No. 606 was filed, and an election held for such detachment, which carried, and no contest or appeal was instituted at any time by any interested party, until the filing of the petition to set aside the detachment in 1957.

On July 16, 1957, a petition to set aside the detachment of the territory involved herein from District No. 606, was filed with the County Superintendent of Schools of Tazewell County. This petition was in proper form and complied with the statute governing. The petition conceded that the detachment of 1953 was in proper order and valid as of July 1, 1953. The grounds for setting aside the detachment was under the authority of Section 4B—3.1 of the School Code (Ill. Rev. Stats. 1957, Ch. 122, Sec. 4B—3.1), which grants authority to County Boards of School Trustees to set aside, under certain conditions, detachments which leave a school district without a school building. Due notice of hearing on the petition was given, and hearing was had by the Board, on August 6, 1957. In the meantime, four of the eighteen petitioners to set aside the detachment, residing in the detached territory involved had withdrawn their names as petitioners, leaving fourteen on the petition, who resided in the detached area. The number of legal voters and residents in the detached area involved was twenty-seven. The objectors, plaintiffs herein, filed objections to the petition on the ground that the amendment of 1957 did not apply retroactively to detachments made heretofore and that the petition was not signed by the requisite number of voters and residents. The County Board of School Trustees, on August 19th, 1957, granted the

prayer of the petition to set aside the 1953 detachment, and ordered the territory involved placed back in District No. 606 as it was before the detachment.

Within apt time, the plaintiffs here filed their petition for administrative review, alleging that Section 4B—3.1 of the School Code was not retroactive and that the petition was not signed by a sufficient number of voters of the detached area, and that the County Board of School Trustees was without jurisdiction to enter the order setting aside the detachment. Service was had on the County Board of School Trustees, and the signers of the petition to set aside the detachment of 1953. All individual defendants except seven persons either were served or entered their appearance. Later the defendants, moved to dismiss the petition for administrative review on the ground that these seven were petitioners for the setting aside of the 1953 detachment, and were necessary defendants; that they had not been served with process, and had not entered their appearance. Also the motion to dismiss claimed that the Board of Education of District No. 606 and District No. 303 were necessary parties. The plaintiffs filed their motion to add new parties and to amend which was allowed and service was had on the new parties. Thereafter, the Circuit Court of Tazewell County entered its order affirming the order of the County Board of School Trustees and from that order of the Circuit Court, the plaintiffs appeal to this court. The defendants file their cross-appeal on the ground that the Circuit Court should have dismissed the appeal of the plaintiffs from the order of the County Board of School Trustees, for the reason that necessary parties were not made defendants within the ten day period allowed by statute.

It being conceded that the detachment of 1953 was valid, the question before this court is whether Section 4B—3.1 of the School Code shall govern and super-

sede and override Sections 4B—27 and 4B—28 of the School Code. All three sections were added to the School Code in 1957, Sections 4B—27 and 4B—28 being approved on July 6, 1957, and Section 4B—3.1 being approved July 9, 1957.

Section 4B—27 of the School Code (Ill. Rev. Stat. 1957) is as follows: "Neither the People of the State of Illinois nor any person, corporation, private or public, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a school district or the creation of any new school district unless within one year after the order annexing the territory or creating the new district shall have become final or within one year after the date of the election creating the new school district if no proceedings to contest such election are duly instituted within the time permitted by law, or within one year after the final disposition of any proceedings which may be so instituted to contest such election or within one year after the effective date of this Act as to proceedings had after January 1, 1955 and prior to such effective date; however, where a limitation of a shorter period is prescribed by statute such shorter limitation shall apply, and the limitation set forth in this section shall not apply to any order where the judge, body or officer entering the order annexing the territory or creating the new district did not at the time of the entry of such order have jurisdiction of the subject matter. Added by act approved July 6, 1957. L. 1957, p. —, H. B. No. 836."

Section 4B—28 of the School Code (Ill. Rev. Stat. 1957) is as follows: "In all cases where on or before January 1, 1955, territory has been annexed to any school district by the County Board of School Trustees, by the Township Trustees of Schools, by the County Judge, by the County Superintendent of Schools, by the State Superintendent of Public Instruction, or if

109

concurrent action of more than one county Board of School Trustees, of more than one township trustees of schools or of more than one county superintendent of schools was required, then by the concurrent action of the county boards of school trustees, the township trustees of schools, or the county superintendents of schools required by the statute to act concurrently, or by a court by reversal of an order denying the proposed annexation, if the judge, officer or body making such annexation had at the time of entering the order of annexation been granted jurisdiction of the subject matter by statute, and if on the effective date of this Act (1) no appeal from or review of such an annexation is pending in any court, (2) said annexation has not been reversed upon review or appeal and (3) in any case where the annexation order was entered on or before January 1, 1955, by a judge, body or officer other than the County Board of school trustees, the board of the district to which the territory has been annexed has exercised jurisdiction over the annexed territory, the annexation is hereby declared and made legal and valid from and after the effective date of this Act the same as though the annexation had been made by a direct legislative enactment. Added by act approved July 6, 1957. L. 1957, p. —, H. B. No. 836."

Section 4B—3.1 of the School Code (Ill. Rev. Stat. 1957) is as follows : "If there is a recognized school district which as a result of detachment is without a school building, the detachment may be set aside by the county board of school trustees of the county over which the county superintendent of schools had supervision and control prior to the detachment, upon petition by two-thirds of the eligible voters in the school district after such detachment and the detached area. The county board of school trustees shall conduct a hearing upon the petition as prescribed and in the manner provided

110

in Section 4B—4. Added by act approved July 9, 1957. L. 1957, p. —, H. B. No. 1314."

This court had occasion in the case of Board of Education of Community Consol. School Dist. 606 v. Board of Education of Community Unit Dist. 124, 11 Ill.App. 2d 408 to affirm the validity of the annexation of the territory involved here by District 124, and the detachment of this territory from District No. 606. While the question here was not involved in that case, that case did recognize the authority of the legislature to divide, contract, or abolish school districts, and the area therein, and in that case, the validity of the detachment was upheld. The defendants here contend that Section 4B—3.1 was tailor-made to remedy the situation created by the decision in that case.

██ The plaintiffs contend that the petition was insufficient for the reason that only 18 of the eligible voters in the territory involved, namely that detached from District No. 606 in 1953, out of an eligible total of 27 signed the petition and that four of these withdrew their names, leaving only 14 or less than two-thirds of the eligible voters in such detached area. The Statute, Section 4B—3.1 reads in part: ". . . upon petition by two-thirds of the eligible voters in the school district after such detachment and the detached area. . . ." The plaintiffs would have this read "two-thirds of the eligible voters in the school district after such detachment and two-thirds of the eligible voters in the detached area." We cannot agree with this contention. The language is plain, clear and unambiguous. It requires a petition of two-thirds of the eligible voters in the area not detached and the area detached, or in other words, two-thirds of the voters in the district before detachment. It is clear that the legislative intent was to use the word "and" in a conjunctive sense, requiring two-thirds of the voters of the two areas, not

separately but as a whole. The word "and" in its common meaning expresses a relation, an addition, and whether used to connect words, phrases or sentences, it must be accepted as binding together and as relating the one to the other. Vaughan v. P. J. McInerney & Co., La. App., 12 So.2d 516, 519. In this cause, while it is true that the petition, after the withdrawals, did not have two-thirds of the eligible voters in the detached area signing the petition, it did have two-thirds of the eligible voters of the original district before any detachment, and that is sufficient.

It is urged that the later act of the legislature repeals by implication prior acts. This would be true, if there was any appreciable lapse of time. Here that situation does not exist. The three sections were all passed at approximately the same time and approved within three days of each other. We must hold that the enactment was for all intents and purposes simultaneous as to these three sections.

The position of the defendants seems to be that Section 4B—3.1 is inconsistent with Sections 4B—27 and 4B—28. We do not agree with this contention. If we construe Section 4B—3.1 as retroactive then there is a conflict. If it is construed as prospective, there is no conflict. The legislature must have had all three of these sections of the School Code before it at approximately the same time. They were signed and approved at approximately the same time. There is nothing to indicate there was any confusion on the part of the legislature in enacting or the governor in signing. Each section was for a specific purpose. If the legislature had intended to make Section 4B—3.1 retroactive and to permit the annulling of detachments prior to January 1, 1955, it would have been very simple to so state in Section 4B—3.1. This was not done and we must conclude that the intention of the legislature was to

permit the setting aside of detachments made after January 1, 1955, where as a result of the detachment the area of the district not detached was left without a school building. But at the same time, those detachments made prior to January 1, 1955 would not be subject to action by the County Board of School Trustees to set aside the detachment. In seeking to determine the legislative intent it must be remembered that the three sections were enacted at about the same time. If Sections 4B—27 and 4B—28 were not to be given full effect, there was little point in enacting them into law. We must hold that Section 4B—3.1 was not retroactive in operation, but must be construed in connection with the limitations and validations of Sections 4B—27 and 4B—28. As said in Sanders v. Paddock, 342 Ill. App. 701, at page 705, "It has long been a canon of statutory construction that a legislative amendment is construed as prospective and not retrospective, in the absence of express language declaring it to be retrospective. (New York Life Ins. Co. v. Murphy, 388 Ill. 316, 324.)"

The language in the case of People v. Deatherage, 401 Ill. 25, at page 52 is applicable here. There it was said: "The amendment to the School Survey and Reorganization Act did not contain any language whatever, let alone clear, express or unequivocal language, stating the amendment shall be retroactive. Such language is necessary." Here there is nothing in Section 4B—3.1 to show that the legislature intended to allow County Boards of School Trustees to set aside detachments made at any time prior thereto. Instead, the legislature, by two added sections to the School Code, expressly limited actions to set aside detachments, unless such action shall have been commenced within one year after the detachment became final, and validating such detachments made prior to January 1, 1955.

Reading the three sections together it is clear that the language and intent of Section 4B—3.1 was intended to give the County Board of School Trustees, power to set aside detachments that resulted in leaving a district without a school house, subject, however to the limitation set forth in Section 4B—27 and subject to the validation of Section 4B—28. The power granted in Section 4B—3.1 was prospective and not retroactive, and we hold there is no conflict between Section 4B—3.1 and Sections 4B—27 and 4B—28.

The defendants contend that the Circuit Court never acquired jurisdiction of the cause, for the reason that in the complaint for administrative review in the Circuit Court, the complaint failed to make defendants all parties of record. Some of the defendants were misnamed, or their names spelled wrong, and the complaint failed to name the Board of Education of School District No. 606 and the Board of Education of School District No. 303, as defendants. After motion to dismiss on these grounds was filed, the plaintiffs filed their motion to add new parties and to correct mistakes. This motion was allowed and the proper names of the defendants were inserted and the two school districts were added as parties defendant.

The contention of the defendants in their cross-appeal is that within the ten days allowed by the statute, Section 4B—5 of Ch. 122, Ill. Rev. Stats. (1957), for the filing of complaint for administrative review, these names were not corrected and the two school districts were not named as defendants, and that under the strict reading of the statute, the proper filing of a complaint for administrative review was not perfected. In support of this contention, the defendants cite the following cases: Winston v. Zoning Board of Appeals of Peoria County, 407 Ill. 588; Hatteberg v. County Board of School Trustees of Ford County, 9 Ill.App.2d

256, and Krachock v. Department of Revenue, 403 Ill. 148. Those cases set forth the requirement of the Administrative Review Act, that all parties, other than plaintiffs, who were parties of record to the administrative proceedings, shall be made defendants to an action to review the decision of the administrative body. That this provision is mandatory and specific and admits of no modification, as the act is an innovation and departure from the common law and the procedures it establishes must be pursued in order to justify its application. This doctrine is quoted in Cuny v. Annunzio, 411 Ill. 613. This requirement is set out in Section 8 of the Administrative Review Act, Section 271, Ch. 110, Ill. Rev. Stats. (1957), in the following language: "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

Section 14 of the Administrative Review Act, Section 277, Ch. 110, Ill. Rev. Stats. (1957), provides that the provisions of the Civil Practice Act, including the provisions for appeal, and existing and future amendments of said Act and modifications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder, except as otherwise provided.

Section 46 of the Civil Practice Act, Ch. 110, Ill. Rev. Stats. (1957), provides for amendments to complaints in the following words: "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or sub-

115

stance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand.

"The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed. . . ."

■ The original pleading was filed within the ten day period prescribed by statute. The filing of the original complaint within the ten days constituted compliance with the statute as to limitation of time and under the authority of Sections 46 and 277, Ch. 110, Ill. Rev. Stats. (1957), the Circuit Court properly permitted the amendment of the complaint, by correction of misnomer or misspelling of names and the addition of other necessary parties. We see no merit in the cross-appeal.

The County Board of School Trustees of Tazewell County under the limitations and provisions Sections 4B—27 and 4B—28 was without power to set aside the detachment of 1953, and the order of the Circuit Court sustaining such order must be reversed.

Reversed.

ROETH, P. J. and CARROLL, J., concur.