BLAIR VARNES, Plaintiff-Appellee, *v.* NORMAN LENTZ, Executive Director of the State Employees' Retirement System, *et al.,* Defendants-Appellants.

(No. 73-380;

Second District (1st Division)—May 23, 1975.

*Rehearing denied September 3, 1975.*

William J. Scott, Attorney General, of Chicago (Michael B. Weinstein, Assistant Attorney General, of counsel), for appellants.

Adamowski, Newey & Riley, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The plaintiff herein originally filed a complaint for mandamus against the Executive Director of the State Employees' Retirement System and the Board of the State Employees' Retirement System. This complaint was dismissed and the plaintiff filed an amended complaint and a second

amended complaint for declaratory judgment. The plaintiff is presently employed as an associate judge of the Eighteenth Judicial Circuit. The trial court entered an order holding that the plaintiff was entitled to his retirement pay under the State Employees' Retirement System during the time he was serving as a magistrate and associate judge. This appeal followed.

The plaintiff was employed as an assistant State's Attorney in Cook County from July 9, 1934, until April 1, 1949. From April 16, 1949, until March 16, 1957, he was employed as an assistant Attorney General for the State of Illinois. He was then subsequently employed as an assistant State's Attorney for Cook County from April 1, 1957, until October 15, 1961, and for a 2-week period in July, 1962. He then retired and made application to the County Retirement Board for his annuity. When plaintiff retired he elected to apply the alternative formula of the Retirement Systems Reciprocal Act (Ill. Rev. Stat. 1961, ch. 127, par. 246.5—1, now found in Ill. Rev. Stat. 1971, ch. 108½, par. 20-122) whereby the Cook County Employees' Annuity and Benefit Fund considered plaintiff's credits in the State Employees' Retirement System together with their credits in the calculation of his annuity. The computation under the alternative formula resulted in the larger annuity to the plaintiff than would have been provided under the regular formula. On September 6, 1962, plaintiff was advised by the County Board that it would pay him $509.14 per month under the Reciprocal Act, the first payment to be made as of September 1, 1962. At this time, plaintiff was 58 years of age. When plaintiff became 60 years of age, on April 28, 1964, the State Employees' Retirement System of Illinois began paying $64.66 per month to the county as reimbursement for its proportionate share of plaintiff's annuity.

In October, 1971, the State Employees' Retirement System became aware that the plaintiff had been appointed an associate judge for DuPage County and, under the provisions of section 20—125 of the Illinois Pension Code (Ill. Rev. Stat. 1971, ch. 108½, par. 20—125) plaintiff's name was removed from the State pension role by the State Employees' Retirement System which, in turn, notified the Cook County Retirement Board of its decision. Both retirement systems then suspended paying the annuity to the plaintiff. The plaintiff, upon his appointment as magistrate, currently associate circuit judge, elected not to participate in the judge's retirement system.

The basic issue presented in this case is whether a retired State or county employee may draw his pension, in this case from the Cook County Retirement Board and the State of Illinois, while he is serving the State as an associate judge. Stated otherwise, the question is whether

he is entitled to only his judicial salary or whether he is entitled to draw his retirement salary from the aforementioned retirement plans in addition to his judicial salary.

The defendants herein have raised several issues. One of the questions is whether the plaintiff should have proceeded by way of administrative review in determination of his dispute with the Retirement Board.

On January 18, 1972 Norman E. Lentz, secretary of the State Employees' Retirement System of Illinois, notified Judge Varnes that the State Retirement Board had determined that he was no longer eligible to receive retirement pay under the State Employees' Retirement System while serving as a judge.

■■ We first consider whether the provisions of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) apply to the review of decisions of the State Retirement Board. The supreme court has determined that the Act will apply to the review of a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference. (*Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 101 N.E. 2d 71.) Section 14—200 of the Illinois Pension Code (Ill. Rev. Stat. 1971, ch. 108½, par. 14—200) expressly provides that the provisions of the Administrative Review Act shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Retirement Board provided for under article 14 of the Pension Code dealing with the State Employee's Retirement System of Illinois. Therefore, the provisions of the Administrative Review Act apply to the review of decisions of the State Retirement Board.

■■ It has further been decided by the supreme court that when the provisions of the Administrative Review Act apply to the review of decisions of administrative agencies, review under the Act is the exclusive method by which review of such decisions may be sought and other methods of securing judicial review are prohibited. Thus, in *People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill.2d 166, 169, 201 N.E.2d 103, 105, the court stated:

> "We are first met by respondent's contention that judicial review of the administrative decision by a *mandamus* proceeding is improper and we find the point well taken. As was noted in *Moline Tool Co. v. Department of Revenue*, 410 Ill. 35, 37, the Administrative Review Act, (Ill. Rev. Stat. 1963, chap. 110, par. 264 *et seq.*;) was designed to provide a single uniform method by which administrative decisions of State governmental agencies could be reviewed, and, since our decision in that case, it has become firmly established that where an act creating or conferring

power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited. [Citations.] Stated differently, it is the holding of *Moline Tool* and the decisions adhering to it that the Administrative Review Act exclusively applies to and governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference. Going straight to the situation of this case, we held in *People ex rel. United Motor Coach Co. v. Carpentier*, 17 Ill.2d 303, 306, and *Pre-Fab Transit Co. v. Carpentier*, 17 Ill.2d 515, 517, that judicial review by a *mandamus* proceeding cannot be resorted to where the administrative decision is expressly subjected to review under the provisions of the Administrative Review Act."

Therefore, plaintiff's second amended complaint for declaratory judgment was clearly an improper means by which to seek judicial review of the Retirement Board's decision and it should have been dismissed on defendants' motion. Plaintiff should have filed a complaint for administrative review of the Board's decision under the provisions of the Administrative Review Act if he desired that decision to be judicially reviewed. The failure to dismiss plaintiff's complaint was thus clearly error.

Furthermore, not only was plaintiff's complaint for declaratory judgment improper in that it was not a complaint for administrative review, plaintiff also failed to file his complaint within the proper time limits provided by the Act. Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 267) provides in part as follows:

"Every action to review a final administrative decision shall be commenced * * * within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby."

To determine when the 35-day time limit began to run against the plaintiff, we must determine whether the Board's notification to the plaintiff on January 18, 1972, was a "final administrative decision" within the meaning of the Administrative Review Act. In the words of Justice Schwartz in *Oliver v. Civil Service Com.*, (1967), 80 Ill.App.2d 329, 333-34, 224 N.E.2d 671, 673:

"The Administrative Review Act provides that if an agency provides a method for rehearing a case, either by an agency rule or by a statutory provision, then an agency decision is not an appealable 'administrative decision' until the aggrieved party requests rehearing and his petition is defined. The statute further

provides that in the event an agency does not have a provision for rehearing, the final order becomes ripe for review when it is rendered by the agency."

The Illinois Pension Code has no provision for rehearing, and the parties have not provided this court with any Board rule providing for the rehearing of a Retirement Board decision. We thus conclude that when the Board notified plaintiff of its decision that he was no longer eligible to receive retirement pay, that decision was a final appealable administrative decision when rendered. Thus, plaintiff had 35 days from the date he was notified of the Board's decision in which to file his complaint for administrative review. His complaint, filed on March 30, 1972, approximately 2½ months after being advised of the Board's decision, was therefore clearly filed too late.

■■ The 35-day limit is a jurisdictional requirement. In *Klaren v. Board of Fire & Police Commissioners* (1968), 99 Ill.App.2d 356, 240 N.E.2d 535, Justice Davis considered a case wherein the parties stipulated that the administrative review action could be commenced after the expiration of 35 days. Justice Davis held that the complaint for administrative review should have been filed within 35 days from the entry of the administrative decision of the administrative agency. The court expressly held that the 35-day period prescribed by statute must be observed as a jurisdictional requirement and that the parties could not stipulate otherwise. Accordingly, the court reversed the judgment of the trial court and remanded the cause with directions to dismiss the complaint for administrative review in that it was not filed within the requisite time period. Likewise, in *Johnson v. State Police Merit Board* (1968), 99 Ill.App.2d 458, 241 N.E.2d 468, the court again held that the statutory period of 35 days from the rendition of the decision of the administrative agency for the filing of an action for administrative review is jurisdictional. In a somewhat similar case to the one before us, the supreme court, in *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill.2d 301, 154 N.E.2d 691, considered the question of whether notification by the administrative agency of the action for which administrative review was sought was a final administrative decision within the meaning of the Administrative Review Act and the effect of a failure to seek review within the 35 days provided for by the Administrative Review Act. The court held that unless proceedings under the Act are instituted within 35 days from the date that a copy of the final decision sought to be reviewed was served upon the party affected thereby, an action challenging the agency action will be barred.

In the case before us we specifically find that the review of the administrative action of the State Employees' Retirement System of Illi-

nois should have been brought under the Administrative Review Act. Plaintiff's attempts to circumvent this statutory procedure by filing an action for mandamus after the 35 days had run and the fact that he subsequently attempted to seek judicial review by means of a declaratory judgment action were of no force and effect. For the above reasons the complaint should have been dismissed by the lower court. In view of the above we find that it is not necessary to consider the other contentions raised in this appeal.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to enter an order dismissing the complaint.

Reversed and remanded with directions.

SEIDENFELD, P. J., and HALLETT, J., concur.