BOBBY G. NORRIS, Plaintiff-Appellant, *v.* THE CITY OF AURORA, Defendant-Appellee.

Second District   No. 77-425

Opinion filed October 10, 1978.

Norman R. Lawrence, of Aurora, for appellant.

P. Scott Courtin, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Following a hearing, the Aurora Civil Service Commission (hereafter the Commission) issued an order discharging plaintiff, Bobby Norris, from his job as a bus driver for the City of Aurora. The date of the notice of discharge was November 28, 1975. On December 30, 1975, plaintiff filed a complaint in circuit court seeking review of the order of discharge under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). The sole defendant named in the complaint was the City of Aurora. Thereafter, alleging inadvertent nonjoinder, plaintiff moved to amend his complaint to add the Commission as a party defendant. The motion was granted and an amended complaint was filed on April 21, 1976. The Commission was served with summons and filed an answer. The Commission then moved to dismiss the complaint on the ground that the trial court had no jurisdiction because the original complaint had not named the Commission as a party defendant. The circuit court granted the Commission's motion and plaintiff appeals.

Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 4) provides in pertinent part:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby.
> ✿ ✿ ✿"

In addition, section 14 of the Act provides:

> "The provisions of the Civil Practice Act, including the provisions for appeal, and all existing and future amendments of said Act and modifications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder,

except as otherwise provided in this Act." Ill. Rev. Stat. 1975, ch. 110, par. 277.

In seeking to reverse the order of the circuit court, plaintiff contends that the timely filing of the complaint for judicial review satisfies the jurisdictional requirement of section 4, even though the Commission was not named as a party defendant until after the expiration of the 35-day period. Plaintiff argues that the circuit court should have recognized and upheld the amendment adding the Commission as an additional party defendant after the 35-day limitation period pursuant to section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(1)). Section 46(1) provides:

"At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."

On the other hand, the Commission contends that the mere filing of a complaint which does not join or name the administrative agency whose decision is to be reviewed (here, the Commission's), as a party defendant within the 35-day limitation period does not satisfy the jurisdictional requirements of section 4. Further, the Commission asserts that if the administrative agency is not named or joined until after the limitations period had expired, the jurisdictional requirements of section 4 are not met unless it can be shown that each of the requirements of section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)) are satisfied. Section 46(4) provides as follows:

"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity * * *; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it

appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective * * *."

At the outset, the clear language of section 4 requires only that the complaint and summons be issued within the 35-day limitation period; the statute does not single out the administrative agency delivering the decision from the other necessary parties to the action. In *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582, 297 N.E.2d 316, Dendor, discharged from his duties as a fireman, sought review of the defendant's decision under the Administrative Review Act. The Board moved to dismiss the complaint alleging, *inter alia,* that Dendor did not make defendants all persons who were parties to the record being reviewed. The circuit court denied the motion and granted Dendor leave to file an amended complaint joining additional parties. In affirming the decision of the circuit court, the appellate court stated:

"* * * the trial court had the authority to allow amendments to be filed by Dendor '[a]t any time before final judgment * * * on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant * * *.' (Ill. Rev. Stat. 1969, ch. 110, par. 46(1); see Ill. Rev. Stat. 1969, ch. 110, par. 277.) These statutes did not require that the filing of the affidavit and the joinder of necessary parties defendant be done within the 35 day limitation for filing of the complaint. (*Sokolis v. Zoning Board of Appeals of Springfield,* 21 Ill. App. 2d 178, 157 N.E.2d 427.) Compliance with the 35 days time requirement of the Administrative Review Act is determined by the filing of the complaint. (*Hailey v. County Board of School Trustees,* 21 Ill. App. 2d 105, 157 N.E.2d 570.)" 11 Ill. App. 3d 582, 587, 297 N.E.2d 316, 320.

The Commission's reliance on *Varnes v. Lentz* (1975), 30 Ill. App. 3d 806, 332 N.E.2d 639, and the cases cited therein is misplaced. The thrust of those cases is that the 35-day limitation is a jurisdictional requirement and therefore the complaint must be filed within that time limitation. The plaintiff here does not contend that the 35-day statute of limitations should not apply to the filing of the complaint, but that *Varnes* and the cases it relies upon are not applicable to the amending of a timely filed complaint to add necessary parties. Plaintiff argues that *Dendor* is controlling here, and we agree.

The Commission has further contended that since it was not named or joined as a party defendant in the complaint until after the limitations period had expired, plaintiff must satisfy the requirements of section 46(4) in order to fulfill the requirements of section 4. However, we have already

determined that by filing the complaint within the 35-day limitation period, plaintiff had fulfilled the requirements of section 4. The authority to add additional parties by amendment comes from section 46(1); therefore, the requirements of section 46(4) need not be met.

On the basis of the foregoing reasons, the judgment of the circuit court of Kane County is reversed and the case remanded for further proceedings.

Reversed and remanded.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.