WILLIAM V. PYE, Plaintiff-Appellee, *v.* JACK MARCO, As Acting Director of the Environmental Protection Agency, *et al.,* Defendants-Appellants.

(No. 12319;

Fourth District—August 23, 1973.

*Rehearing denied September 26, 1973.*

William J. Scott, Attorney General, of Springfield, (John W. Russell, Special Assistant Attorney General, of counsel,) for appellants.

James M. Drake, of Springfield, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The named state officers, defendant-appellants, appeal the issuance of a temporary injunction by the circuit court of Sangamon County enjoining them from approving charges seeking the discharge of the plaintiff from his employment by the state Environmental Protection Agency or from removing him from the payroll. We reverse.

Essentially, there are no factual issues in this interlocutory appeal. However, a somewhat detailed and chronological statement of the facts and circumstances attendant upon this litigation is necessary for an understanding of the case.

Plaintiff William V. Pye was appointed to his position with the Environmental Protection Agency in February of 1972. His position is under "jurisdiction B" of the Personnel Code being a position to which persons must hold appointment upon the basis of merit and fitness. (See Ill. Rev. Stat. 1971, ch. 127, par. 63(b)104(a).) No question is raised as to the appointment and the classification.

On June 18, 1973, the defendant Marco, as acting director of the Environmental Protection Agency, requested the defendant Jones, as director of personnel, to take such steps as would be necessary to immediately terminate the employment of Pye. This request was by letter and some seven pages of charges or reasons for discharge accompanied the request. Essentially, it was asserted that the plaintiff did not possess the management abilities required of a division manager in the Environmental Protection Agency. The plaintiff was then manager of the Land Pollution Control Division and the Water Pollution Control Division of the Environmental Protection Agency.

These charges were "approved'" by the director of personnel and the

plaintiff was given notice thereof and was given notice of "separation-discharge for cause" effective June 19, 1973.

On June 20, 1973, the plaintiff filed an application for a temporary restraining order and a temporary injunction seeking an order of the circuit court, without prior notice to the defendants and without bond, restraining and enjoining the defendants from discharging the plaintiff pending a determination of the legal and alleged constitutional issues set forth in the seven page verified complaint. The requested temporary restraining order was issued on the date of the filing of the complaint. It was issued without notice and without bond.

On June 20, 1973, the defendants sought and obtained a modification of the temporary restraining order. By its terms, the modification permitted the defendants to grant plaintiff a "preliminary administrative hearing" on the charges for discharge and to relieve the plaintiff of his duties but to continue him on the payroll. In the context of this record the so-called "preliminary administrative hearing" was to be a hearing to determine whether the defendant director of personnel was to approve the charges. Thus, upon the defendants making such a motion we take it to be conceded that the prior act of approval of the charges was vacated or withdrawn. We so hold. We make such observation to indicate that the director of personnel could not have a "preliminary administrative hearing" to determine whether he should approve charges which, in fact, he had previously approved.

The record before us includes a transcript of a purported administrative hearing held on July 12, 1973. A hearing officer announced that the hearing was to be pursuant to the court order modifying the temporary restraining order and that it was being held to allow plaintiff "to respond to charges served upon him". The hearing officer then announced that he would accept any evidence, comments or opinion that any interested party might wish to offer. From that beginning, the hearing developed difficulties with reference to procedure and substance and ultimately the so-called "preliminary administrative hearing" terminated. The plaintiff returned to the circuit court of Sangamon County. On July 13, 1973, the court entered an order finding that the hearing, a transcript of which was before the court, did not satisfy constitutional requirements of due process. The court then ordered the issuance of a temporary injunction enjoining the defendant state officers from approving any charges for discharge of the plaintiff. Further, the defendants were enjoined from removing the plaintiff from the payroll until the further order of the court. The interlocutory appeal we now consider is from that order.

The parties have discussed the requirements attendant upon dismissal from public employment. We are urged to conclude that the minimal

requirements of substantive and procedural due process are not found in the applicable statutory provisions of the Personnel Code nor in the rules of the Department of Personnel. The parties have likewise discussed the requirement in the area of public employment that termination of protected employment must comport with due process. It is urged that the following cases are applicable to this proceeding: *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 33 L.Ed.2d 548; *Morrissey v. Brewer*, 408 U.S. 471, 33 L.Ed.2d 484; *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; *Perry v. Sindermann*, 33 L.Ed.2d 570; and *Connell v. Higginbotham*, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418.

■■ We hold that the minimal standards for termination of public employment as outlined in the foregoing cases are found in our statutory provisions.

Illinois Revised Statutes 1971, chapter 127, paragraph 63(b)111, provides that no officer or employee under jurisdiction B shall be removed or discharged except for cause upon written charges approved by the Director of Personnel and after an opportunity to be heard in his own defense if he makes written request to the Civil Service Commission within 15 days after the serving of written charges upon him. Paragraph 63(b)108, chapter 127, Ill. Rev. Stat. 1971, provides that the Director of the Department of Personnel shall prepare and submit to the Civil Service Commission certain proposed rules and that if such rules are not disproved within 30 days after submission, they shall become effective and have the force and effect of law. Certain rules and regulations have been adopted pursuant to this procedure and those rules and their interpretation seem to be at the root of the difficulty in this case.

In substance, the rules seem to contemplate that upon receipt of approved charges for discharge, the employee shall leave the premises, all salaries and benefits of the employee shall be stopped, and that he may *"appeal"* to the Civil Service Commission, provided that such *"appeal"* is requested in writing within 15 days of receipt of such approved charges. Thus, it would appear that the plaintiff is correct in his contention that the rules provide for discharge upon receipt of the approved charges and prior to hearing to determine the validity of and an evidentiary basis for such charges. The "appeal" could result in reinstatement in the event of success by the employee.

■■ It is axiomatic that the authority of an administrative agency or department to adopt rules and regulations is limited by statutory language under which the rules are to be adopted. To the extent that any such rule, although adopted in conformity with the rule making procedure, is in conflict with the statute, it is invalid. In this case, the statute says clearly and explicitly that no officer or employee shall be removed

or discharged except for cause and *after* an opportunity to be heard in his own defense if he requests such a hearing. The rules cannot detract from that statutory right.

■■ Thus, the approval of charges by the director of personnel does not, as of the moment of that approval, constitute the discharge of an employee under jurisdiction B. Discharge comes only *after* a hearing in conformity with the cited statutory provisions. In this connection, we note the authority of the appointing agency to suspend for 30 days and the authority of the Civil Service Commission to suspend for an additional time period. We also note that the final administrative decisions of the Civil Service Commission are subject to the provisions of the Administrative Review Act by reason of Ill. Rev. Stat. 1971, ch. 127, par. 63(b)111(a).

In view of the foregoing, the plaintiff did have and still has adequate administrative procedures available to him to determine the evidentiary basis for and the sufficiency of the charges seeking his removal.

■■ The circuit court of Sangamon County was in error in issuing a temporary injunction upon the facts and circumstances of this case. Its action in so doing is reversed and this cause is remanded to that court with directions to dismiss the complaint for want of equity. The motion for stay of the injunction taken with the case need not be considered.

Reversed and remanded with directions.

TRAPP and SIMKINS, JJ., concur.