SUNNYLAND CABINET & MILLWORK, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District   No. 76-370

Opinion filed May 11, 1977.

Carl F. Reardon, of Moehle, Reardon, Smith & Day, Ltd., of East Peoria, for appellant.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

The sole issue in this administrative review proceeding is whether the Department of Revenue can collect retailers' occupation tax on the taxes which plaintiff Sunnyland Cabinet Company collected from its customers and remitted to the Department. We think not.

Plaintiff is in the business of supplying and installing kitchens in new homes. When plaintiff's salesman and a customer agree upon the desired layout, the salesman prepares an itemized list stating the cost of each item to be furnished. At the bottom of the list, the cost of the merchandise and the retailers' occupation tax are stated, and added together for the total cost of the job. The customer then signs a contract which states the total cost without designating the amount of tax as a separate item. Every customer is given a copy of the contract, and customers who request a copy of the itemized layout list are given one. However, not all customers ask for an itemized list. The original list is placed in the job folder, and the customer is told that he may see it any time. If changes are made at a later time, an invoice is prepared showing the amount of the change with the tax shown separately. The customer receives a copy of this invoice.

Under plaintiff's bookkeeping procedures, the amount of retailers' occupation tax is kept separate from the other charges under each contract, and the total tax owing is computed each week.

The Department audited plaintiff's books for the period of November 1972 through June 1974 and assessed a tax deficiency of $2,582. Plaintiff conceded that certain sales for resale were not tax exempt, but contested the remainder of the deficiency which was assessed on sales taxes collected from customers which the Department refused to allow plaintiff to deduct from gross receipts for purposes of computing tax liability.

Following an administrative hearing, the Department refused to reduce the deficiency assessment. Upon administrative review, the Circuit Court of Tazewell County affirmed the Department's judgment, and this appeal followed.

In testimony before the Department's hearing officer, the field auditor for the Department admitted that plaintiff did in fact collect and remit all taxes attributable to sales of merchandise. However, the Department contends that those taxes cannot be deducted from plaintiff's gross receipts because of a failure to comply with Department rules which require the seller to show the tax separately on invoices or sales tickets issued to customers.

Under the Retailers' Occupation Tax Act, the tax is measured by the taxpayer's gross receipts from retail sales of tangible personal property. (Ill. Rev. Stat. 1975, ch. 120, pars. 440—441.) The statute also provides:

> "Wherever possible the tax imposed by the Act shall when collected be stated as a distinct item separate and apart from the selling price of the tangible personal property." Ill. Rev. Stat. 1975, ch. 120, par. 439.3a.

■■ The Department is authorized to make and enforce reasonable regulations to administer and enforce the Act. (Ill. Rev. Stat. 1975, ch. 120, par. 451.) Pursuant to that authority, the Department adopted the following regulation:

> Art. 3—"The seller will not be entitled to any deduction from total receipts because of having collected tax or its equivalent from the purchaser if the seller, in collecting such tax or its equivalent, does not state it to the purchaser as a separate item from the selling price in accordance with the procedures described in Section 2 of Rule No. 12 of the Use Tax Rules and Regulations."

Rule 12 of the Use Tax Rules in effect in 1974 provides in part as follows:

> "2. Retailers' Records. If a retailer is required or authorized to collect the use tax, his records must show that he collects such tax in accordance with [Use Tax Rule No. 4] and that he states such tax separately to the purchaser from the selling price * * *.

"The retailer can prove compliance with the requirement of stating the use tax as a separate item from the selling price by showing the tax separately on invoices or sales tickets that are issued to his customers, by having the tax shown separately from prices on a copy of the cash register tape, or by posting a sign."

Our only concern here is with the requirement that invoices or sales tickets be issued to customers since plaintiff does not claim to have used cash register tapes or posted a sign.

The Department insists that Article 3 and Rule 12 are mandatory requirements for retailers, and that proof of compliance can be accomplished only in the manner specified. Plaintiff, on the other hand, points to Use.Tax Rule No. 4, which provides:

"It will be assumed that the seller is not collecting the tax if he does not state it as a separate item from the selling price * * *."

Plaintiff reasons that failure to give some customers an invoice, in noncompliance with Rule 12, gave rise to a presumption that the tax was not stated separately and not collected from the buyer. However, that presumption was overcome by evidence of plaintiff's business procedures. We agree.

■■ Since the Department concedes that plaintiff has collected and paid all taxes owed on sales of merchandise, it is obvious that the Department is attempting to collect an additional tax on the taxes collected by plaintiff. To do so is to extend tax liability beyond that imposed by statute. As a general rule, "A statute which is being administered may not be altered or added to by the exercise of a power to make regulations thereunder." (*Ruby Chevrolet, Inc. v. Department of Revenue* (1955), 6 Ill. 2d 147, 151, 126 N.E.2d 617; *Martin Oil Service, Inc. v. Department of Revenue* (1st Dist. 1975), 30 Ill. App. 3d 927, 929, 334 N.E.2d 227, 230.) Furthermore, taxing statutes are to be strictly construed, and in doubtful cases, will be construed most strongly against the government and in favor of the taxpayer. *Oscar L. Paris Co. v. Lyons* (1956), 8 Ill. 2d 590, 134 N.E.2d 755; *Pierce v. Pacini* (1st Dist. 1970), 127 Ill. App. 2d 1, 261 N.E.2d 515.

■■ Keeping these maxims in mind, we find that the Department's position is untenable. Rather than construing the Department's Rules and Regulations as requiring the imposition of additional tax liability, and thus against the taxpayer, we interpret those rules as creating a rebuttable presumption where noncompliance occurs. Obviously, a retailer who issues every customer a sales ticket stating the retailer's occupation tax separately will save himself the cost and inconvenience of proving that he has paid all taxes owed. But where, as here, the retailer can establish that all taxes due were in fact collected and remitted, no additional liability will attach for failure to abide by Rule 12.

■■ We also note that the statute requires only that the seller "state" the tax as a separate item from the selling price of goods and does not require the seller to give the customer a copy of the invoice. The undisputed evidence indicates that plaintiff did inform each customer of the amount of tax separate from the cost of merchandise; thus the statutory requirement was met.

Accordingly, we conclude that the deficiency assessment was erroneous as a matter of law. We therefore reverse the judgment of the trial court, and remand with directions to enter an order consistent with the views expressed in this opinion.

Reversed and remanded, with directions.

STOUDER and SCOTT, JJ., concur.