RICHARD J. BILLIK, Plaintiff-Appellee, *v.* THE VILLAGE OF BROOKFIELD *et al.*, Defendants-Appellants.

First District (4th Division)   No. 79-775

Opinion filed January 31, 1980.

James I. Marcus, of Chicago, for appellants.

Richard T. Sikes, of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff, Richard J. Billik, filed an action seeking a determination that a village resolution rescinding a prior omitted service credit authorization resolution was invalid. The trial court granted the plaintiff's motion for summary judgment. We reverse, holding that there is insufficient evidence presently before the court to determine whether the first resolution was valid.

Since the case was decided on a motion for summary judgment, the only facts before this court are those set forth in the pleadings, affidavits and attached documents. The plaintiff was Brookfield's village attorney

and village prosecutor from May 1961 to April 1977. Before September 1972 he was paid a retainer. Starting on September 1, 1972, he was employed on a salary basis. At the same time he became a member in the Illinois Municipal Retirement Fund (hereinafter Fund). The village at that time also inquired of the Fund whether plaintiff could apply for retroactive service credit for the preceding four years. The Fund replied that he could not since apparently he had been treated as an independent contractor before September 1972 and an independent contractor did not qualify.

Under the statute providing for the Illinois Municipal Retirement Fund (Ill. Rev. Stat. 1977, ch. 108½, par. 7—101 *et seq.*), persons employed in a position normally requiring performance of duty during not less than 600 hours a year for a municipality are participating employees eligible for benefits from the Fund. (Ill. Rev. Stat. 1977, ch. 108½, par. 7—137.) Section 7—109 of the Act (Ill. Rev. Stat. 1977, ch. 108½, par. 7—109) defines an employee as:

"(1) Any person who:

(a) 1. Receives earnings as payment for the performance of personal services or official duties out of the general fund of a municipality, or out of any special fund or funds controlled by a municipality, or by an instrumentality thereof, or participating instrumentality, including, in counties, the fees or earnings of any county fee office; and

2. Under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee with a municipality, or of any instrumentality thereof, or a participating instrumentality, including aldermen, county supervisors and other persons (*excepting those employed as independent contractors*) who are paid compensation, fees, allowances or other emolument for official duties, and, in counties, the several county fee offices." (Emphasis added.)

On April 25, 1977, the president and board of trustees of Brookfield adopted a resolution finding that plaintiff's earnings from May 1961 to September 1972 should have been reported to the Fund for the period. This allegedly was done pursuant to regulations of the Fund concerning omitted service credit authorization; such regulations were not, however, introduced into evidence in this cause. A copy of this resolution and the omitted service credit authorization form was filed with the Fund. Thereafter, on May 9, 1977, the president and board of trustees of Brookfield adopted a resolution rescinding the first resolution. On May 10, 1977, the Fund refused to accept the omitted service credit authorization form because it was not signed by the village treasurer. The Fund also

questioned whether plaintiff was eligible, noting its 1972 correspondence. The village of Brookfield advised the village treasurer not to sign or file the form.

The plaintiff thereupon brought the present action for a declaration stating that the first resolution was in full force and effect and the second resolution invalid and ordering the village treasurer to sign and file the form. The court granted the plaintiff's motion for summary judgment, ruling that the second resolution was void. The court gave no reason for its ruling; however, it is clear that the court did not and could not have determined that the plaintiff had not been an independent contractor prior to September 1972 since, while the defendants claimed that he had been an independent contractor, the plaintiff never, either in the complaint or in his motion, claimed that he had not been acting in that capacity. The court also denied a motion by the defendants to have the Fund joined as a party defendant.

The plaintiff, in support of the trial court's ruling, contends that the village once having passed a resolution saying he was entitled to the service credit had no power to rescind this resolution, relying on *People ex rel. Schuwerk v. Municipal Retirement Fund* (1955), 6 Ill. 2d 405, 128 N.E.2d 923. That case is, however, not in point. In that case the city of Chester passed a resolution electing to come under the Illinois Retirement Fund Act then in effect. Thereafter it changed its position and sought to revoke the election. The supreme court held that it could not rescind its election, because while the legislature had provided for an election, it did not provide for a rescission of such election, and no part of the Fund could be changed or supplemented by municipal ordinance.

■■ We do not reach the issue of whether the village could revoke a resolution providing for retroactive service credit. We hold that if the plaintiff was initially ineligible for pension benefits because of the statutory exclusion of those employed as independent contractors, then the village could not validly pass a resolution granting retroactive credit in derogation of the statute. And because on this record we cannot determine whether plaintiff was an independent contractor, we reverse and remand for determination of that issue by the trial court.

●■■ The plaintiff argues that it was for the village to determine whether the plaintiff was eligible. This contention, however, ignores the fact that the village had no authority to supplement or change the requirements of the Fund (*People ex rel. Schuwerk v. Municipal Retirement Fund* (1955), 6 Ill. 2d 405, 128 N.E.2d 923), and therefore has no power to make an ineligible employee eligible. Once a village elects to come under the Fund, the statute is operative and controlling in the village (*People ex rel. Schuwerk v. Municipal Retirement Fund* (1955), 6 Ill. 2d 405, 128 N.E.2d

923), and an ordinance or resolution in conflict with the statute is void. *Huszagh v. City of Oakbrook Terrace* (1968), 41 Ill. 2d 387, 243 N.E.2d 831; *People v. Perry* (1975), 27 Ill. App. 3d 230, 327 N.E.2d 167.

■■ In answer to the defendants' contention that the plaintiff's ineligible status is evidenced by the failure to collect social security and withhold taxes prior to September 1972, the plaintiff points to the fact that the Fund's omitted service credit authorization form provides that the governing body agrees to accept the charges for employer and employee social security taxes. The plaintiff has cited no regulation approving this form. But even assuming that such regulation exists, it cannot be considered to vary the clear limitations of the statute (*Sunnyland Cabinet & Millwork, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 25, 362 N.E.2d 1367, *appeal denied* (1977), 66 Ill. 2d 636), since a rule in conflict with a statute is void. (*Pye v. Marco* (1973), 13 Ill. App. 3d 923, 301 N.E.2d 63, *appeal denied* (1974), 55 Ill. 2d 604.)[1] Furthermore, we note that the form itself cautions the municipality not to apply for omitted service credit on behalf of employees in participating positions who ask for credit for service they previously rendered in nonparticipating positions, *i.e.*, ineligible positions.

The defendants have asked that the judgment of the trial court be reversed and judgment entered for the defendants. We agree that the judgment must be reversed. However, we believe that the evidence before us is insufficient to permit us to determine as a matter of law whether plaintiff was an independent contractor from 1961-1972. Accordingly, the case is remanded to the trial court to determine whether, assuming such retroactive credit is permitted by statute, the plaintiff is eligible for such credit. In light of our ruling we need not determine whether the trial court erred in refusing to join the Fund as a party defendant. We assume that on remand the court will so join the Fund if the defendants renew their motion, since otherwise the issue whether the plaintiff is an eligible employee may have to be litigated twice, once with the village and once with the Fund.

Reversed and remanded.

LINN, P. J., and JIGANTI, J., concur.

---

[1] In fact the plaintiff has cited to us neither regulation nor statute permitting the retroactive granting of 11 years' credit. The only statute this court has been able to find which permits the granting of creditable service retroactively (Ill. Rev. Stat. 1977, ch. 108½, par. 7—139(a)(7)) permits the crediting of at most 96 months if the employee chose to participate within six months of the effective date of the act and 50 months if he chose to participate thereafter.