KARL KLOMANN, Plaintiff-Appellant, v. ILLINOIS MUNICIPAL RETIREMENT FUND *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—95—0368

Opinion filed September 30, 1996.

James J. Stamos and Frederick W. Acker, both of Stamos & Trucco, of Chicago, for appellant.

Kathleen O'Brien, of Oak Brook, for appellee Illinois Municipal Retirement Fund.

Robert K. Bush and Dean W. Krone, both of Ancel, Glink, Diamond, Cope & Bush, P.C., of Chicago, for appellee Village of Lyons.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff appeals the trial court's denial of his motion to review findings of fact and reinstate pension rights. The trial court found that the record supported the Village of Lyons' (Village's) and the Illinois Municipal Retirement Fund's (IMRF's) determination that plaintiff was an independent contractor with the Village of Lyons and not an employee entitled to pension benefits under the Illinois Pension Code (Code) (40 ILCS 5/1—101.1 *et seq.* (West 1992)). We affirm.

Plaintiff, Karl Klomann, served as an attorney for the Village of Lyons from 1963 until 1989. Klomann also maintained a private law practice in Chicago and Lyons during that period. On November 1, 1988, the Village board of trustees passed a resolution declaring Klomann an eligible participant in the IMRF. The IMRF accepted the Village's resolution and enrolled Klomann as a participant in the fund. Klomann retired and the IMRF awarded Klomann benefits effective June 1, 1989.

On May 2, 1989, the new Village attorney wrote the IMRF claiming that Klomann did not qualify to participate in the fund. The new attorney opined that Klomann was never an employee but, rather, acted as an independent contractor. The IMRF, however, continued to acknowledge Klomann's status as a fund participant.

On September 5, 1989, the Village board passed a second resolution. The resolution stated that Klomann was ineligible for participation in the fund and directed the new Village attorney to initiate litigation. On June 1, 1990, the Village attorney again wrote the IMRF stating that Klomann did not qualify to participate in the fund. The IMRF held a hearing on August 16, 1990. The IMRF found that Klomann was not an employee, Klomann was erroneously enrolled in the fund, and the error must be corrected. The IMRF terminated Klomann's pension benefits.

Klomann filed a timely suit seeking administrative review of the IMRF's determination. On August 20, 1991, the trial court ruled that a further evidentiary hearing was required to enter a ruling. Over Klomann's objection, the court remanded the case to the Village, not the IMRF, for an evidentiary hearing. The Village board held the hearing on March 22, 1994. After hearing the evidence, the Village determined that Klomann was an independent contractor and not an employee and the Village corporate authorities concurred in the board's findings. On June 30, 1994, the IMRF formally adopted the Village's findings of fact and reaffirmed its revocation of Klomann's pension.

Klomann filed a motion to review the Village's findings of fact. The trial court denied the motion and entered judgment in favor of the IMRF and the Village. Klomann filed this appeal.

On appeal, Klomann first argues that his pension rights should be reinstated retroactively because: (a) the Illinois Constitution requires such a ruling; and (b) the Village's protest against the IMRF's initial award of benefits was barred by the statute of limitations. Next, Klomann claims that the March 22 hearing was unconstitutional and unfair because it should have been held by the IMRF, not the Village. Finally, Klomann argues that the findings of fact were against the manifest weight of the evidence. We affirm.

Initially, Klomann states that the Illinois Constitution provides that "[m]embership in any pension *** system of the State *** shall be an enforceable contractual relationship." Ill. Const. 1970, art. XIII, § 5. Klomann argues that, pursuant to the Illinois Constitution, a contractual relationship was created when the IMRF initially accepted the Village's resolution declaring Klomann an employee. Therefore, Klomann claims that the IMRF could only avoid the contract by asserting contract defenses.

■ Klomann's argument must fail, however, as it is contingent upon the premise that the IMRF's initial acceptance of the Village's resolution constituted a final determination as to pension eligibility. A village ordinance that conflicts with the Pension Code is void. *Billik v. Village of Brookfield*, 80 Ill. App. 3d 907, 910, 400 N.E.2d 702, 704 (1980). Rather, the terms of the Code control who is a qualified employee, and no act by the Village can make an ineligible employee eligible. *Billik*, 80 Ill. App. 3d 907, 400 N.E.2d 702. Therefore, Klomann cannot avail himself of the protections afforded by the Illinois Constitution to pension fund participants where the terms of the Code exclude Klomann from participation.

Because it is the terms of the Code that define eligibility, we reject Klomann's argument that the Village's resolution, combined with the IMRF's acceptance of that resolution, distinguishes the instant case from *Billik*. We find that neither the Village nor the IMRF has the "authority to supplement or change the requirements of the Fund." *Billik*, 80 Ill. App. 3d at 909, 400 N.E.2d at 704. Klomann's pension eligibility is not a question of procedure, but a question of fact. The primary issues then become who determines whether an applicant is an eligible employee under the Code and when is that decision final.

■ The Pension Code provides that the IMRF shall make "administrative decisions on participation and coverage *** in accordance with the provisions of this Article." 40 ILCS 5/7—200 (West 1992). In addition, the IMRF has the power to request any necessary information from a participating municipality. 40 ILCS 5/7—183 (West 1992). Section 7—135 of the Pension Code provides for the appointment of an agent to "certify to the fund whether or not a given person is authorized to participate in the fund." 40 ILCS 5/7—135(b)(1) (West 1992).

■ In the instant case, the Village first certified to the IMRF that Klomann was authorized to participate in the fund and later changed its position. The IMRF accepted the Village's first authorization without reviewing any other evidence or hearing any testimony. In its brief and before the trial court, the IMRF stated that in most cases it

automatically accepts a village's determination, as it does not have the capacity to process all of the claims itself.

Klomann claims that the IMRF's initial acceptance of the Village's first resolution made him a participant in the fund and constituted a final administrative determination that could only be challenged within the parameters of the Administrative Review Law (Act). See 735 ILCS 5/3—101 *et seq.* (West 1992). Pursuant to the Act, all appeals from final administrative determinations must be made within 35 days of the final ruling. 735 ILCS 5/3—103 (West 1992). Because the Village waited over one year to request the IMRF to declare Klomann ineligible, Klomann argues that any challenge to the IMRF's original determination is untimely.

A review of the record reveals that the IMRF's initial acceptance of the Village's resolution did not constitute a final administrative determination. In accepting the Village's initial resolution, the IMRF did not hold a hearing or listen to witness testimony. We find that the product of this rubber-stamp approval process does not constitute a final administrative determination. Rather, this decision was an interlocutory determination subject to change within the IMRF.

Klomann cites to *Varnes v. Lentz*, 30 Ill. App. 3d 806, 332 N.E.2d 639 (1975), for the proposition that all pension eligibility determinations are final administrative rulings. However, *Varnes* only serves to illustrate the fact that the IMRF's initial acceptance of a person as an eligible employee is subject to change without administrative review. In *Varnes*, the IMRF initially awarded the plaintiff a pension after accepting the local board's uncontested determination. New information was brought to the IMRF's attention concerning plaintiff's eligibility. The plaintiff was given an opportunity to be heard on the issue and the IMRF notified plaintiff that his pension benefits were being terminated. The court found that the contested decision constituted the final administrative determination, not the previous acceptance of the plaintiff as eligible. *Varnes*, 30 Ill. App. 3d 806, 332 N.E.2d 639. The IMRF was permitted to rescind its prior undisputed acceptance without invoking the requirements of the Act.

The statute of limitations provision cited by Klomann applies only to petitions seeking judicial review of final administrative determinations, not to the IMRF's review of its nonfinal actions. Therefore, we reject Klomann's claim that the IMRF's subsequent decision was barred by the statute of limitations. Rather, we find that the IMRF's termination of Klomann's benefits constituted a final administrative decision, appealable under the Act.

Next, Klomann argues that the trial court erred in remanding the case back to the Village for an evidentiary hearing. Klomann

contends that: (1) the forum was inherently biased because the Village had a pecuniary interest in determining whether to pay Klomann pension benefits; (2) the evidentiary hearing should have been held before IMRF and not the Village; (3) there was no authority authorizing the Village to hold a second hearing; and (4) the Village's findings of fact were against the manifest weight of the evidence.

■ Due process requires that an administrative proceeding be conducted by a fair and impartial tribunal. *Scott v. Department of Commerce & Community Affairs*, 84 Ill. 2d 42, 416 N.E.2d 1082 (1981). A person challenging the impartiality of a tribunal must overcome the presumption that those serving on the tribunal are fair and honest. *Scott*, 84 Ill. 2d 42, 416 N.E.2d 1082. In the absence of personal bias demonstrated in the record, the mere combination of investigatory and adjudicatory functions will not render a tribunal biased in violation of due process. *Scott*, 84 Ill. 2d 42, 416 N.E.2d 1082.

For example, in *E&E Hauling, Inc. v. Pollution Control Board*, 116 Ill. App. 3d 586, 451 N.E.2d 555 (1983), the court found bias where the tribunal consisted of the same people who were applying for a permit. In *E&E Hauling*, a park district board and private landfill operator agreed to modify a local landfill from which the park district received revenues. The petition for modification was heard by the county board. The court noted that members of the park district board sat on the county board and stated that "[i]t is difficult to conclude that a procedure under which the hearing body consists of the same people who also comprise the body applying for the permit can be fundamentally fair." 116 Ill. App. 3d at 596, 451 N.E.2d at 564.

Conversely, in *Ladenheim v. Union County Hospital District*, 76 Ill. App. 3d 90, 394 N.E.2d 770 (1979), the court found that a review board was not biased even though some panel members were familiar with the background of the case and the hospital attorney had a combined attorney/judge role. In *Ladenheim*, the attorney who prepared charges against a doctor seeking admitting privileges from a medical review board also sat on that medical review board. The doctor complained that the attorney was too familiar with the case to be impartial, claiming that the attorney's combined investigative and adjudicatory roles were evidence of bias.

The court disagreed and stated "the only bias and familiarity which disqualifies a member of the tribunal is that which derives from an extrajudicial source ***. Mere involvement in the preliminary procedures required to bring the case to a hearing is not equivalent to unacceptable bias." *Ladenheim*, 76 Ill. App. 3d at 95, 394 N.E.2d at 774. The court concluded that in the absence of actual

personal bias demonstrated in the record, combined investigatory and adjudicatory roles do not violate due process. *Ladenheim,* 76 Ill. App. 3d 90, 394 N.E.2d 770.

■ In the instant case, Klomann has alleged that the Village's role in initiating the proceedings combined with its adjudicatory role resulted in bias. We disagree. While the briefs hint at political motive, the record is devoid of any evidence of personal bias on the part of the Village board. Furthermore, there were several layers of review prior to Klomann's appeal. The IMRF adopted the Village's findings of fact and the trial court determined the IMRF's decision to terminate Klomann's benefits was not against the manifest weight of the evidence. As such, we find that Klomann has failed to satisfy his burden of persuading this court that the tribunal was biased.

■ Next, Klomann argues that the trial court erred in remanding the evidentiary hearing to the Village. Klomann notes that pursuant to section 3—111(7) of the Administrative Review Law, the trial court should have remanded to the IMRF, not the Village. Specifically, the statute provides that the trial court has power, "where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when *** it shall appear that such action is just." 735 ILCS 5/3—111(7) (West 1992). While we agree that the trial court should have remanded the hearing back to the IMRF, we find that this is of no consequence.

The duties of the IMRF include making "administrative decisions on participation and coverage *** in accordance with the provisions of this Article." 40 ILCS 5/7—200 (West 1992). However, the IMRF may request any necessary information from the Village, a participating municipality. 40 ILCS 5/7—183 (West 1992). Furthermore, the IMRF may rely on the Village, its agent, to "certify to the fund whether or not a given person is authorized to participate in the fund." 40 ILCS 5/7—135(b)(1) (West 1992). Accordingly, we find that the IMRF was empowered to relegate the duty of holding the hearing to the Village.

Klomann never claims that the IMRF was bound by the Village's findings. Nor does Klomann argue that the IMRF did not make its own determination of his eligibility. The record indicates that the IMRF chose to adopt the Village's recommendation with the knowledge of the history between Klomann and the Village. Even though the trial court remanded the hearing to the Village, the trial court was reviewing the IMRF's acceptance of the Village's findings. We find that this procedure comports both with statutory requirements and notions of fairness.

■ Klomann then attacks the Village's authority to hold a second

evidentiary hearing. A review of the record fails to reveal any evidence that the Village ever held an evidentiary hearing prior to the March 22 hearing. Accordingly, we reject Klomann's argument.

■ Finally, Klomann argues the sufficiency of the evidence. The trial court ordered a hearing for findings of fact. The trial court reviewed those findings and determined that they were not against the manifest weight of the evidence. We agree that the Village's determination that Klomann was an ineligible independent contractor, and the IMRF's acceptance of that determination, were not against the manifest weight of the evidence.

Affirmed.

CAHILL and O'BRIEN, JJ., concur.