FOURTH DIVISION
 September 30, 1996

No. 1-95-0368

KARL KLOMANN, ) Appeal from
 ) the Circuit Court
 Plaintiff-Appellant, ) of Cook County.
 )
 v. )
 ) No. 90-CH-9372
ILLINOIS MUNICIPAL RETIREMENT FUND, an )
Administrative Agency, and VILLAGE OF )
LYONS, a Municipal Corporation, ) Honorable
 ) John N. Hourihane,
 Defendants-Appellees. ) Judge Presiding.

 JUSTICE THEIS delivered the opinion of the court:

 Plaintiff appeals the trial court's denial of his motion to
review findings of fact and reinstate pension rights. The trial court
found that the record supported the Village of Lyons' (Village) and
the Illinois Municipal Retirement Fund's (IMRF) determination that
plaintiff was an independent contractor with the Village of Lyons and
not an employee entitled to pension benefits under the Illinois
Pension Code. We affirm. 
 Plaintiff, Karl Klomann, served as an attorney for the Village of
Lyons from 1963 until 1989. Klomann also maintained a private law
practice in Chicago and Lyons during that period. On November 1,
1988, the Village Board of Trustees passed a resolution declaring
Klomann an eligible participant in the IMRF. The IMRF accepted the
Village's resolution and enrolled Klomann as a participant in the
fund. Klomann retired and the IMRF awarded Klomann benefits effective
June 1, 1989. 
 On May 2, 1989, the new Village attorney wrote the IMRF claiming
that Klomann did not qualify to participate in the fund. The new
attorney opined that Klomann was never an employee, but rather acted
as an independent contractor. The IMRF, however, continued to
acknowledge Klomann's status as a fund participant. 
 On September 5, 1989, the Village Board passed a second
resolution. The resolution stated that Klomann was ineligible for
participation in the fund and directed the new Village attorney to
initiate litigation. On June 1, 1990, the Village attorney again
wrote the IMRF stating that Klomann did not qualify to participate in
the fund. The IMRF held a hearing on August 16, 1990. The IMRF found
that Klomann was not an employee, Klomann was erroneously enrolled in
the fund, and the error must be corrected. The IMRF terminated
Klomann's pension benefits.
 Klomann filed a timely suit seeking administrative review of the
IMRF's determination. On August 20, 1991, the trial court ruled that
a further evidentiary hearing was required to enter a ruling. Over
Klomann's objection, the court remanded the case to the Village, not
the IMRF, for an evidentiary hearing. The Village Board held the
hearing on March 22, 1994. After hearing the evidence, the Village
determined that Klomann was an independent contractor and not an
employee and the Village corporate authorities concurred in the
Board's findings. On June 30, 1994, the IMRF formally adopted the
Village's findings of fact and reaffirmed its revocation of Klomann's
pension. 
 Klomann filed a motion to review the Village's findings of fact. 
The trial court denied the motion and entered judgment in favor of the
IMRF and the Village. Klomann filed this appeal.
 On appeal, Klomann first argues that his pension rights should be
reinstated retroactively because: (a) the Illinois Constitution
requires such a ruling; and (b) the Village's protest against the
IMRF's initial award of benefits was barred by the statute of
limitations. Next, Klomann claims that the March 22 hearing was
unconstitutional and unfair because it should have been held by the
IMRF, not the Village. Finally, Klomann argues that the findings of
fact were against the manifest weight of the evidence. We affirm.
 Initially, Klomann states that the Illinois Constitution provides
that "[m]embership in any pension *** system of the State *** shall be
an enforceable contractual relationship ***." Ill. Const. 1970, art.
XIII, 5. Klomann argues that, pursuant to the Illinois Constitution,
a contractual relationship was created when the IMRF initially
accepted the Village's resolution declaring Klomann an employee. 
Therefore, Klomann claims that the IMRF could only avoid the contract
by asserting contract defenses.
 Klomann's argument must fail, however, as it is contingent upon
the premise that the IMRF's initial acceptance of the Village's
resolution constituted a final determination as to pension
eligibility. A village ordinance which conflicts with the Pension
Code is void. Billik v. Village of Brookfield, 80 Ill. App. 3d 907,
910, 400 N.E.2d 702, 704 (1980). Rather, the terms of the Code
control who is a qualified employee and no act by the Village can make
an ineligible employee eligible. Billik, 80 Ill. App. 3d 907, 400
N.E.2d 702. Therefore, Klomann cannot avail himself of the
protections afforded by the Illinois Constitution to pension fund
participants where the terms of the Code exclude Klomann from
participation. 
 Because it is the terms of the Code which define eligibility, we
reject Klomann's argument that the Village's resolution, combined with
the IMRF's acceptance of that resolution, distinguishes the instant
case from Billik. We find that neither the Village nor the IMRF has
the "authority to supplement or change the requirements of the Fund." 
Billik, 80 Ill. App. 3d 907, 909, 400 N.E.2d 702, 704. Klomann's
pension eligibility is not a question of procedure, but a question of
fact. The primary issues then become who determines whether an
applicant is an eligible employee under the Code and when is that
decision final. 
 The Pension Code provides that the IMRF shall make
"administrative decisions on participation and coverage *** in
accordance with the provisions of this Article." 40 ILCS 5/7-200
(West 1992). In addition, the IMRF has the power to request any
necessary information from a participating municipality. 40 ILCS 5/7-
183 (West 1992). Section 7-135 of the Pension Code provides for the
appointment of an agent to "certify to the fund whether or not a given
person is authorized to participate in the fund." 40 ILCS 5/7-
135(b)(1) (West 1992). 
 In the instant case, the Village first certified to the IMRF that
Klomann was authorized to participate in the fund, and later changed
its position. The IMRF accepted the Village's first authorization
without reviewing any other evidence or hearing any testimony. In its
brief and before the trial court, IMRF stated that in most cases it
automatically accepts the Village's determination, as it does not have
the capacity to process all of the claims itself. 
 Klomann claims that the IMRF's initial acceptance of the
Village's first resolution made him a participant in the fund and
constituted a final administrative determination which could only be
challenged within the parameters of the Administrative Review Act 
(Act). See 735 ILCS 5/3-101 et seq. (West 1992). Pursuant to the
Act, all appeals from final administrative determinations must be made
within 35 days of the final ruling. 735 ILCS 5/3-103 (West 1992). 
Because the Village waited over one year to request the IMRF to
declare Klomann ineligible, Klomann argues that any challenge to the
IMRF's original determination is untimely. 
 A review of the record reveals that the IMRF's initial acceptance
of the Village's resolution did not constitute a final administrative
determination. In accepting the Village's initial resolution, the
IMRF did not hold a hearing or listen to witness testimony. We find
that the product of this rubber-stamp approval process does not
constitute a final administrative determination. Rather, this
decision was an interlocutory determination subject to change within
the IMRF.
 Klomann cites to Varnes v. Lentz, 30 Ill. App. 3d 806, 332 N.E.2d
639 (1975), for the proposition that all pension eligibility
determinations are final administrative rulings. However, Varnes only
serves to illustrate the fact that the IMRF's initial acceptance of a
person as an eligible employee is subject to change without
administrative review. In Varnes, the IMRF initially awarded the
plaintiff a pension after accepting the local board's uncontested
determination. New information was brought to the IMRF's attention
concerning plaintiff's eligibility. The plaintiff was given an
opportunity to be heard on the issue and the IMRF notified plaintiff
that his pension benefits were being terminated. The court found that
the contested decision constituted the final administrative
determination, not the previous acceptance of the plaintiff as
eligible. Varnes, 30 Ill. App. 3d 806, 332 N.E.2d 639. The IMRF was
permitted to rescind its prior undisputed acceptance without invoking
the requirements of the Act.
 The statute of limitations provision cited by Klomann applies
only to petitions seeking judicial review of final administrative
determinations, not to the IMRF's review of its nonfinal actions. 
Therefore, we reject Klomann's claim that the IMRF's subsequent
decision was barred by the statute of limitations. Rather, we find
that the IMRF's termination of Klomann's benefits constituted a final
administrative decision, appealable under the Act.
 Next, Klomann argues that the trial court erred in remanding the
case back to the Village for an evidentiary hearing. Klomann contends
that: (1) the forum was inherently biased because the Village had a
pecuniary interest in determining whether to pay Klomann pension
benefits; (2) the evidentiary hearing should have been held before
IMRF and not the Village; (3) there was no authority authorizing the
Village to hold a second hearing; and (4) the Village's findings of
fact were against the manifest weight of the evidence. 
 Due process requires that an administrative proceeding be
conducted by a fair and impartial tribunal. Scott v. Department of
Commerce & Community Affairs, 84 Ill. 2d 42, 416 N.E.2d 1082 (1981). 
A person challenging the impartiality of a tribunal must overcome the
presumption that those serving on the tribunal are fair and honest. 
Scott, 84 Ill. 2d 42, 416 N.E.2d 1082. In the absence of personal
bias demonstrated in the record, the mere combination of investigatory
and adjudicatory functions will not render a tribunal biased in
violation of due process. Scott, 84 Ill. 2d 42, 416 N.E.2d 1082. 
 For example, in E&E Hauling, Inc. v. Pollution Control Board, 116
Ill. App. 3d 586, 451 N.E.2d 555 (1983), the court found bias where
the tribunal consisted of the same people who were applying for a
permit. In E&E Hauling, a park district board and private landfill
operator agreed to modify a local landfill from which the park
district received revenues. The petition for modification was heard
by the county board. The court noted that members of the park
district board sat on the county board and stated that "[i]t is
difficult to conclude that a procedure under which the hearing body
consists of the same people who also comprise the body applying for
the permit can be fundamentally fair." 116 Ill. App. 3d 586, 596, 451
N.E.2d 555, 564. 
 Conversely, in Ladenheim v. Union County Hospital District, 76
Ill. App. 3d 90, 394 N.E.2d 770 (1979), the court found that a review
board was not biased even though some panel members were familiar with
the background of the case and the hospital attorney had a combined
attorney/judge role. In Ladenheim, the attorney who prepared charges
against a doctor seeking admitting privileges from a medical review
board also sat on that medical review board. The doctor complained
that the attorney was too familiar with the case to be impartial,
claiming that the attorney's combined investigative and adjudicatory
roles were evidence of bias. 
 The court disagreed and stated "the only bias and familiarity
which disqualifies a member of the tribunal is that which derives from
an extrajudicial source ***. Mere involvement in the preliminary
procedures required to bring the case to a hearing is not equivalent
to unacceptable bias ***." Ladenheim, 76 Ill. App. 3d at 95, 394
N.E.2d at 774. The court concluded that in the absence of actual
personal bias demonstrated in the record, combined investigatory and
adjudicatory roles do not violate due process. Ladenheim, 76 Ill.
App. 3d 90, 394 N.E.2d 770.
 In the instant case, Klomann has alleged that the Village's role
in initiating the proceedings combined with its adjudicatory role
resulted in bias. We disagree. While the briefs hint at political
motive, the record is devoid of any evidence of personal bias on the
part of the Village Board. Furthermore, there were several layers of
review prior to Klomann's appeal. The IMRF adopted the Village's
findings of fact and the trial court determined the IMRF's decision to
terminate Klomann's benefits was not against the manifest weight of
the evidence. As such, we find that Klomann has failed to satisfy his
burden of persuading this court that the tribunal was biased. 
 Next, Klomann argues that the trial court erred in remanding the
evidentiary hearing to the Village. Klomann notes that pursuant to
section 3-111(7) of the Administrative Review Act, the trial court
should have remanded to the IMRF, not the Village. Specifically, the
statute provides that the trial court has power "where a hearing has
been held by the agency, to remand for the purpose of taking
additional evidence when *** it shall appear that such action is
just." 735 ILCS 5/3-111(7) (West 1992). While we agree that the
trial court should have remanded the hearing back to the IMRF, we find
that this is of no consequence.
 The duties of the IMRF include making "administrative decisions
on participation and coverage *** in accordance with the provisions of
this Article." 40 ILCS 5/7-200 (West 1992). However, the IMRF may
request any necessary information from the Village, a participating
municipality. 40 ILCS 5/7-183 (West 1992). Furthermore, the IMRF may
rely on the Village, its agent, to "certify to the fund whether or not
a given person is authorized to participate in the fund." 40 ILCS
5/7-135(b)(1) (West 1992). Accordingly, we find that the IMRF was
empowered to relegate the duty of holding the hearing to the Village. 
 Klomann never claims that the IMRF was bound by the Village's
findings. Nor does Klomann argue that the IMRF did not make its own
determination of his eligibility. The record indicates that the IMRF
chose to adopt the Village's recommendation with the knowledge of the
history between Klomann and the Village. Even though the trial court
remanded the hearing to the Village, the trial court was reviewing the
IMRF's acceptance of the Village's findings. We find that this
procedure comports both with statutory requirements and notions of
fairness.
 Klomann then attacks the Village's authority to hold a second
evidentiary hearing. A review of the record fails to reveal any
evidence that the Village ever held an evidentiary hearing prior to
the March 22 hearing. Accordingly, we reject Klomann's argument. 
 Finally, Klomann argues the sufficiency of the evidence. The
trial court ordered a hearing for findings of fact. The trial court
reviewed those findings and determined that they were not against the
manifest weight of the evidence. We agree that the Village's
determination that Klomann was an ineligible independent contractor,
and the IMRF's acceptance of that determination, were not against the
manifest weight of the evidence. 
 Affirmed.
 CAHILL and O'BRIEN, JJ., concur.